## ALDEN a. SARSON.

*Supreme Court, First District; Special Term, December,* 1856.

EXECUTION AGAINST THE PERSON.—HOW ISSUABLE.

When the facts constituting the right to arrest the defendant are necessarily apparent upon the record, leave of the court to issue an execution against the person is not necessary.

But, where—as in case of an action for moneys received in a fiduciary capacity—the breach of trust rendering the defendant liable to arrest is extraneous to the cause of action, leave must be obtained.

Motion to set aside an execution against the person.

CLERKE, J.—When the facts constituting the right to arrest are *necessarily* and properly apparent on the record, an execution is issuable of course. This is the case in all actions of tort, and in some actions on contract—such as those for a breach of promise of marriage. In these actions the facts render the defendant liable to arrest from the very ground-work of the action; but, I do not think this is the case with regard to an action for money had and received by a person acting in a fiduciary capacity.* The action is not brought for damages arising from the violation of the trust; it is brought to recover the money received by him; and the breach of trust is a mere incident to the action. It is not necessary to state the trust, or the breach of it, in the complaint. The plaintiff is only obliged to state the receipt of the money by the defendant for plaintiff's use, or as belonging to him; and on trial it is only necessary to prove this allegation.

The fiduciary capacity of the defendant and the breach of trust, are, like false representations in purchasing goods in an action for the amount of the purchase, extraneous to the gravamen of the action. The recovery of the money received and the recovery of the price of the goods is, in each case, the object of the action; and both are based upon contract; the plaintiff has no right any more in the one than in the other, to arrest the defendant, of course; but, in both cases, must apply to a judge for an order.

The execution, I think, therefore, ought to be set aside; but, considering the incertitude and diversity of opinions upon this subject, it must be on the condition that no action shall be commenced for false imprisonment;* and the motion is granted without costs.

